## LEONARD AND ANSART v. THE STATE.

The state, for the purpose of showing that the defendant would be likely to commit the crime charged in the indictment, cannot offer testimony to prove that he committed other crimes, although of a like nature.

---

On error to Hudson Quarter Sessions.

Argued at November Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiffs in error, *William T. Hoffman.*

For the state, *Charles H. Winfield*, prosecutor of the pleas.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The plaintiffs in error were indicted under the statute for having had in their possession a certain burglarious tool known as a "jimmy," then and there adapted and designed for breaking open a building, room, vault or safe in order to steal therefrom money and other property, knowing the same to be adapted and designed for the purpose aforesaid, with intent to steal therefrom the money and goods, &c.

On the trial the general proof was to this effect: After midnight the defendants were at the Greenville station and became engaged in a quarrel, in the course of which one of them drew a jimmy from his pocket and used it as a weapon of offence.   When charged by a policeman, the one having the burglarious tool threw it over the roadside fence, and at the trial they each declared that neither of them had such an instrument in his possession.

In putting in his evidence, the counsel of the state introduced a witness to show that the defendants, several months before, had been seen loitering around a dwelling-house at night under suspicious circumstances, and that at another time they had been convicted of larceny.   This testimony was objected to, and, such objection being overruled, a bill of exception taken.

A verdict founded, in whole or in part, upon such evidence cannot stand.   The proof was offered with the declared purpose of showing that the defendants " were in that kind of business and had this implement with intent to use it."   But the conviction of the defendants of a larceny was possessed of no evidential effect in the case being tried, except that it had a tendency to manifest that the men in question belonged to the criminal class.   Thus being men of bad character, it became probable that, having this tool in their possession, they

intended to use it for a criminal purpose. In every criminal prosecution, if the bad character of the defendant could be proved, such testimony would facilitate the work of the state. As is said in the opinion delivered in the Court of Errors, in the case of *Clark* v. *State*, 18 *Vroom* 558 : "As a general rule, the state, for the purpose of showing that the defendant would be likely to commit the crime charged, cannot prove that he committed other crimes, although of a like nature." The rule is too elementary to justify the citation of authorities in its support. The evidence objected to was plainly incompetent.

The other item of evidence was equally inadmissible. The fact that the defendants, months before, had been seen hanging around a dwelling-house at night in a covert fashion, was an affair that it was not possible for them to controvert or explain, as they were without notice that it would be put in issue on the trial of an indictment with which it had no possible connection.

Let the judgment be reversed.