178 So.2d 233

Thomas Wesley **MURRAY**

v.

**STATE.**

6 Div. 81.

Court of Appeals of Alabama.

Aug. 31, 1965.

Matt Murphy, Jr., Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The defendant, Thomas Wesley Murray, appeals from a conviction based on Section 90, Title 14, Code 1940, which provides that, "Any person who has in his possession any implement or instrument designed and intended by him to aid in the commission of burglary or larceny in this state, or elsewhere, shall, on conviction, be fined not less than one hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than twelve months."

Two Birmingham police officers saw defendant and another man at 4:30 in the morning in an automobile stopped on 57th Street. The officers were 400 yards away on East Lake Boulevard near the city dump. The car in which defendant was a passenger began to move and was followed and stopped. Although there was no traffic in the vicinity at the time, the driver was given a citation for blocking traffic. At this time the officers saw on the floor board of the front seat on the passenger's side a pair of bolt cutters, wrecking bar, large tire tool, two screw drivers, pliers and a keyboard saw. Two pairs of gloves and a flashlight were on the car seat. The officers testified these were tools commonly used by burglars. Two of the state's witnesses testified on cross-examination that the tools were also commonly used for legitimate purposes.

Defendant did not take the witness stand and offered no evidence in his behalf.

A judgment entry showing the conviction in 1958 of one Thomas Wesley Murray for the offense of burglary was introduced over defendant's objection. It was shown that defendant and the Murray named in the judgment were one and the same person. The admission of this evidence constituted reversible error.

As a general rule evidence of a commission by defendant of other offenses is not admissible for the purpose of showing he would be likely to commit the crime

charged. The rule, with its exceptions, is set out in Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847.

On a charge of possessing burglary tools, to show the felonious intent of the accused in having the tools in his possession, evidence that accused had just committed a burglary and was found in possession of the spoils, or that the articles found in accused's possession were identical to those used in recent burglaries, has been held admissible. State v. Heflin, 338 Mo. 236, 89 S.W.2d 938, 103 A.L.R. 1301; Fuqua v. State, 246 Miss. 191, 145 So.2d 152.

Evidence of defendant's previous conviction for burglary was irrelevant. It had reference to a separate offense wholly disconnected from the crime charged and did not fall within the exceptions allowing evidence of other offenses. To paraphrase the language of the court in Leonard v. State, 60 N.J.L. 8, 41 A. 561, it had no evidential effect in the case being tried, except that it had a tendency to prove that defendant belonged to the criminal class.

The judgment of conviction is reversed and the cause remanded.

Reversed and remanded.