STATE of Missouri, Respondent,

v.

Delbert Lee CORNETT, Appellant.

No. 35756.

Missouri Court of Appeals,
St. Louis District,
Division No. 2.

Feb. 25, 1975.

John C. Danforth, Atty. Gen., Neil Mc-Farlane, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Richard A. Heidenry, Asst. Circuit Atty., St. Louis, for respondent.

Charles D. Kitchin, Public Defender, James C. Jones, Asst. Public Defender, Murray Stone, St. Louis, for defendant.

CLEMENS, Presiding Judge.

Defendant appeals his conviction for first-degree robbery, Section 560.120, RSMo 1969, V.A.M.S., contending there was no evidence he took any property.

The State's information charged the defendant did feloniously "take, steal and carry away forty-five dollars," et cetera.

The State's verdict-directing instruction hypothesized that William Adams was in charge of at least fifty-nine dollars in lawful money and that defendant "took this money from and in the presence of William Adams," et cetera. Defendant concedes the evidence showed he put the prosecuting witness in fear but contends it failed to show a resultant *taking* of any property. We agree and reverse.

The State's evidence: On the day in question, at about five P.M., Adams began his work at a LeClare Stevenson's service station. Adams began checking receipts in the cash register and while doing so defendant came up behind him, held a gun in his back and said, "Look out the window." Adams looked away and "when he [defendant] got done in the cash register" defendant ordered Adams to leave the station. Adams did not "have any idea" of how much money was in the cash register, nor did he see defendant reach inside the cash register, or testify about the contents thereafter.

The State's other witness was the station owner, Mr. Stevenson. He testified he had checked the cash register tapes and contents "probably the day before" and again within an hour after Adams reported the incident. During that one-day interval other employees had access to the cash register. Without stating the amount of money supposedly on hand before the Adams report or the amount in the register thereafter, Mr. Stevenson concluded his comparison showed a shortage of $53.01. The following day defendant was arrested and he and his car were searched; the record is silent about finding any money.

It is fundamental that ". . . The State has the burden to advance substantial evidence of every constituent element of the charged offense . . ." State v. Smith, 485 S.W.2d 461[3] (Mo.App.1972). An essential element of the robbery statute, the State's information and its verdict-directing instruction was that the defendant took Mr. Stevenson's money.

Our review of the record fails to show by substantial evidence that defendant took anything. We cannot reach any other conclusion without resorting to speculation; this we may not do.

Judgment reversed.

KELLY and STEWART, JJ., concur.