**STATE of Missouri, Respondent,**

v.

**Poradi MAMUSKA, Appellant.**

**No. 41059.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 30, 1979.

Lee, O'Hanlon & Brady, Robert J. O'Hanlon, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

---

4. Also see § 88.107 RSMo, V.A.M.S.

REINHARD, Judge.

Defendant appeals her conviction for the offense of robbery first degree. She was sentenced to a term of five years in the Department of Corrections.

The elderly victim, Loraine Vogelsang, and her sister, Effie Totten, lived on Winnebago Street in the City of St. Louis. Mrs. Vogelsang testified that on March 9, 1978, three women knocked on the front door. She was upstairs while her sister was downstairs in the basement. When Mrs. Vogelsang opened the door, the women pushed their way in over her protest, claiming they had recently moved into the neighborhood and were calling on neighbors. One woman held Mrs. Vogelsang by her wrists on the couch in the living room, while another woman sat on a nearby chair and the third went into the bedroom. Miss Totten heard voices and walked upstairs to the back hall where she was stopped by one of the women and held by the arms. When Mrs. Vogelsang asked her sister to call the police, the women hurriedly left. They had been in the house about fifteen or twenty minutes. Mrs. Vogelsang subsequently identified the defendant in a lineup as one of the women who had entered her home uninvited.

Both sisters testified that Mrs. Vogelsang kept $400 in an envelope in the second drawer of a chest in the bedroom. The chest of drawers was not within her view while she was restrained on the sofa. After the three women departed, the sisters found that this second drawer had been rummaged through and the money was missing. Mrs. Vogelsang could not recall when she had last seen the money because she "didn't count it every day." Other than the sisters, no one had access to the bedroom.

■ Defendant first challenges the sufficiency of the evidence, contending that the court should have sustained her motion for judgment of acquittal. Specifically, she contends the State failed to prove anything was taken from Loraine Vogelsang. "Taking" is an essential element of the charge of robbery. Defendant admits the sufficiency of the proof of the other elements.

■ The victim and her sister testified that the money was present prior to the entry into the home by the defendant and her cohorts. Although the victim could not recall the exact date on which she had last seen the money, no one other than her sister had access to the room. One of the uninvited visitors was in the room and the drawer's contents had been rearranged. The money was gone after the women left. We believe *State v. Hampton*, 509 S.W.2d 139 (Mo.App.1974), a case involving the armed robbery of a supply store, is controlling. In *Hampton*, evidence that a determined amount of money was in the cash drawer shortly before the robbery and was missing immediately thereafter was sufficient to sustain a conviction of first degree robbery. *Id.* at 143. In the case at bar, the jury had before it substantial evidence from which to infer that one of the women took the money. The evidence here is sufficient to sustain a conviction of robbery.

Defendant relies on *State v. Cornett*, 520 S.W.2d 146 (Mo.App.1975). Our facts are distinguishable from those in *Cornett*. Here the victim testified as to the exact amount missing and the limited access to the bureau drawer where the money was kept. These factors were not present in *Cornett*. The holding in *Cornett* has limited application.

■ Defendant additionally contends the court erred in not excusing the jury when one juror, Murrell H. Jones, disclosed after the jury was selected and before it was sworn that he was a cousin of a St. Louis Circuit Court Judge. Defendant claims that this information was material to her determination of Jones's suitability as a juror, and that the timing of the disclosure deprived her of a "prudent exercise of peremptory challenges."

The record demonstrates that juror Jones revealed to the court that he was a cousin of Circuit Judge Cahill after the attorneys made their challenges for cause, after the discharge of the balance of the jury panel, but before the swearing of the jury. The juror was questioned by the court with

leave for questions by counsel. Jones said he never talked to Judge Cahill about his work and did not think the family relationship would affect him in any way.

A relative of a circuit judge is not automatically disqualified from jury service. Nothing in the record indicates grounds for challenge for cause and defendant does not contend that Jones should have been so disqualified. The general rule is that the qualification of a juror should be determined before the jury is sworn and the parties must develop such exception on voir dire. *State v. Hermann*, 283 S.W.2d 617, 618 (Mo.1955); *Massman v. Kansas City Public Service Co.*, 119 S.W.2d 833, 837 (Mo. 1938). In this case, the jury had not been sworn, but strikes had been made. The record indicates no inquiry during voir dire into the area for which defendant now contends she would have exercised one of her peremptory challenges. There is absolutely no evidence of deception. We find no abuse of discretion in the failure to discharge the panel.

The judgment is affirmed.

DOWD, P. J., and CRIST, J., concur.