**STATE of Missouri, Respondent,**

v.

**Bobby LEWIS, Appellant.**

**No. WD 30743.**

Missouri Court of Appeals, Western District.

May 5, 1980.

James W. Whan, Maryville, for appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The defendant appeals from convictions by a jury for burglary and stealing in violation of then §§ 560.070 and 560.110. The criminal conduct charged was the felonious entry into the scale house of the Martin Marietta Company and the stealth of a radio and other goods from the premises. The date of the offense recited in the information was July 3, 1977, and the venue of the offense was Nodaway County.

The defendant does not contend the evidence was not sufficient for conviction, but that the principle of collateral estoppel precluded the prosecutions. The other contentions of error allege prejudice from the quashal of a subpoena to enforce the presence of a witness summoned by the defendant, and other prejudice from the admission of certain exhibits into evidence.

The contention of collateral estoppel against the burglary and stealing prosecutions rests on a jury verdict of acquittal returned for the defendant in *State v. Lewis*, No. 4056 in Holt County on change of venue from Nodaway County. That information charged the unlawful possession of burglars tools from the same criminal transaction on July 3, 1977, which formed the basis for the subsequent burglary and stealing prosecutions which convicted the defendant. The acquittal by jury on the charge of unlawful possession of burglars tools, the defendant argues, precludes prosecution for the burglary and stealing by the doctrine of collateral estoppel.

▬ The collateral estoppel variant of the double jeopardy rule rests on the premise [*Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970)]

that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

The inquiry then becomes [*Ashe v. Swenson*, supra, l.c. 444, 90 S.Ct. l.c. 1194] "whether a 'rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" *State v. Bradshaw*, 593 S.W.2d 562, 565[4–7] (Mo. App.1980). In the case of judgment by general verdict, as our criminal practice entails, the determination whether the fact found for acquittal estops a subsequent prosecution depends upon whether on rational examination of the prior prosecution as an entire proceeding the jury could have based the acquittal on a ground other than that found for the later conviction. *Ashe v. Swenson*, supra, l.c. 444, 90 S.Ct. l.c. 1194. The burden to show the acquittal necessarily decided the issues in subsequent prosecution rests on the defendant. *State v. Booker*, 540 S.W.2d 90, 93[2, 3] (Mo.App.1976).

▬ A prosecution for the unlawful possession of burglars tools under then § 560.-115 must prove and submit to the jury for conviction the elements of fact (1) that the defendant had in possession described tools [in this case, a pry bar, a pair of pliers and a hatchet] (2) commonly used for breaking [into a door] and (3) that the defendant intended to use the instruments to commit a burglary. MAI–CR 7.38. The proof of intent which sustains conviction is that a *general intent to use the tools for purpose of burglary* accompany the possession. *State v. Hefflin*, 338 Mo. 236, 89 S.W.2d 938, 945[12] (1935); *State v. Lorts*, 269 S.W.2d 88, 91[2] (Mo.1954).

▬ A prosecution for burglary under then § 560.070 must prove and submit to the jury for conviction the elements of fact (1) that the *defendant broke into an enclosure of another* (2) with the intent to commit a crime [in this case, to steal] and (3) at that time property of value was kept therein. MAI–CR 7.32. The proof of intent which sustains a conviction for burglary under that section is that *specific intent* to

commit a crime within the premises accompany the unlawful entry. *State v. Faber*, 499 S.W.2d 790, 793[5] (Mo.1973); *State v. Harris*, 539 S.W.2d 617, 621[6–10] (Mo.App. 1976).

The theme that collateral estoppel precludes conviction of the defendant for burglary after acquittal for possession of burglars tools derives, according to argument, from the identity of the evidence and of the intent to commit burglary common to both cases. The evidence in each prosecution, to be sure, was congruent if not of an exact likeness. The reason for the coincidence of the evidence is that the prosecutor chose to prove an accomplished burglary to convict for the unlawful possession of burglars tools. The defendant deduces that the verdict of acquittal rejected the entire proof by the State—an intent to commit burglary included—and so necessarily finally determined that fact against the State on whatever theory the subsequent prosecution. The motion to preclude prosecution of the burglary and stealing on that ground of collateral estoppel was rejected by the trial court. The trial resulted in conviction by a jury for burglary and stealing. The record confirms that, but for minor change in sequence, the witnesses presented for testimony by the State in each prosecution were the same—as was the evidence.

That testimony derived these basic facts of prosecution: A farmer resident saw an unusual activity at the scale house of a quarry leased by the witness to the Martin Marietta Company. It was night and he saw three figures run from the scale house. He saw a car nearby and noted the license plate number. A car of that description reappeared at the scene twice within a short time. The plant manager was called and examination of the premises disclosed that the rear door to the scale house, previously locked, showed a pry mark and other evidence of forced entry and was open. The outer screen was torn and the door handle broken. Inside the scale house the soft drink machine was torn up and showed a pry mark. A radio, first aid kit and some coins were missing. Three sets of shoe marks were etched on the gravel dust inside the scale house and on the wet ground outside all led to the spot where the car was seen parked. Within two hours a car of the description was stopped by officers on the highway some ten miles away. The defendant was among the three occupants. The officer observed a small hand ax and other implements on the rear floorboard. The defendant, owner of the car, gave consent for a search and the officer found and took into custody a pry bar, gloves, pliers and the hatchet. A comparison of the tennis shoes taken from the defendant showed that footprints found on the scale house floor were made by them.[1] Testimony by a forensic analyst was that microscopic comparison determined that the tool marks on the soft drink machine were made by the pry bar taken from the defendant.

On this evidence, one jury acquitted the defendant of unlawful possession of burglars tools with intent to commit burglary and then another convicted the defendant for burglary and stealing.

 The prosecution avoids the effect of collateral estoppel by resort to the distinction between the *separate offense rule* —to which Missouri adheres—and the *separate transaction rule.* As practiced by our jurisprudence, the separate offense rule forbids the proliferations of a single offense into multiple prosecutions. *State v. Carter*, 535 S.W.2d 537, 538[1, 2] (Mo.App.1976). It prohibits, as a matter of double jeopardy, the same evidence to convict twice. *State v. Richardson*, 460 S.W.2d 537, 539[1] (Mo. banc 1970). It prohibits, also as a matter of double jeopardy, a component lesser included offense from prosecution or punishment separately from the inclusive offense. *Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977); *State v.*

---

1. The testimony of comparison was in the proof but, for some reason, the shoes were not offered or received in evidence. This testimony was not repeated in the subsequent trial for burglary, but instead, a plaster mold of a foot mark—otherwise unidentified—was accepted as an exhibit.

*Friedman,* 398 S.W.2d 37, 38[1, 2] (Mo.App. 1965). That is because by very definition each—the included and the inclusive—are the same offense and so proved by the same evidence. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *State v. Chambers,* 524 S.W.2d 826, 829[1, 2] (Mo.banc 1975). The clue to whether one transaction constitutes one or more offense, therefore, is whether each requires proof of an element which the other does not. If so, they are separate offenses. *Blockburger v. United States,* supra, 284 U.S. l.c. 304, 52 S.Ct. l.c. 182.

▪ The prosecution argues that possession of burglars tools and burglary are separate offenses by these definitions and so may be prosecuted successively because each requires the proof of an element the other does not: a *general intent* to commit a burglary must accompany possession of burglars tools for conviction, while a *specific intent* to commit a crime must accompany the unlawful entry for conviction of burglary. We assume for purpose of opinion that the two offenses are proved by different evidence so that successive prosecutions do not offend the strict rule against double jeopardy.[2] That two offenses may be sufficiently separate to permit, in constitutional terms, consecutive sentences does not preclude a bar against a second prosecution which, for conviction, must relitigate an issue of fact already resolved by the first prosecution. The principle of collateral estoppel embodied in the Double Jeopardy Clause protects a defendant from exposure to successive prosecution in such circumstance. *Ashe v. Swenson,* supra, 397 U.S. l.c. 443, 446, 90 S.Ct. l.c. 1194, 1195. Nor, contrary to intimation, does collateral estoppel apply only where both prosecutions present a *single* issue. *Ashe v. Swenson,* supra, l.c. 444 n. 9, 90 S.Ct. l.c. 1194 n. 9; *Johnson v. Estelle,* 506 F.2d 347, 350 (5th Cir. 1975). Were that so, each would describe the same offense and a successive prosecution barred—not by collateral estop-

pel—but on conventional principles of double jeopardy.

▪ A procedure which returns an acquittal by a general verdict renders uncertain the element of proof the jury determined failed for conviction. It is the effect of collateral estoppel to bar a subsequent prosecution where *any* element required for conviction was a ground for the acquittal in the prior prosecution—even where the offenses are different. In that determination, a court is exhorted to practicality and to avoid rigid doctrine to assess from the entire proceeding the facts actually adjudicated by the general verdict of acquittal. The ultimate inquiry in such case is " 'whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' " *Ashe v. Swenson,* supra, 397 U.S. l.c. 443, 444, 90 S.Ct. l.c. 1194.

▪ A conviction for the possession of burglars tools requires proof of a general intent to use the instruments for burglary. MAI–CR 7.38; *State v. Hefflin,* supra, 89 S.W.2d l.c. 945. That proof is normally by evidence of a reputation for burglary. *State v. Caffey,* 436 S.W.2d 1, 2[2] (Mo. 1969). The intent for use of the tools, therefore, does not relate to a particular time or place but only to an unlawful purpose. *State v. Wing,* 455 S.W.2d 457, 463[8–10] (Mo.1970). That is to say, there is no need to prove a burglary in order to prove the unlawful possession of burglars tools. 2 Wharton's Criminal Law and Procedure § 437 (Anderson ed. 1957). The prosecutor undertook nevertheless to prove a completed burglary to convict for the unlawful possession of burglars tools, and not by an occasional overlap of the evidence, but by strategy and design.

The opening statement by the State announced the theory of prosecution on the charge of unlawful possession of burglars tools: that the State would "prove its case by . . . evidence [of witnesses] that

---

**2.** There is no contention—and we do not consider—that possession of burglars tools is a lesser included offense of burglary under the statutes then in effect, so as to render them the

same offense and preclude a successive prosecution under *Blockburger* and *Chambers,* supra.

there was a burglary at the Martin Marietta Quarry on July 3rd of [1977] . . . the scale house had been broken into. The back door had been broken and entry was made." The jury was advised that the evidence to come would prove that the pry bar taken from the defendant was used to open the scale house, and that the tread of the footprints found within were those of the three intruders. At the close, the prosecutor argued that the evidence proved those essential expectations: "[W]e proved to you beyond a reasonable doubt that [the defendant] had a criminal intent in this matter . . . that a *burglary had been committed.*" [Emphasis added.] Then the argument gave a recapitulation of the proof: that the defendant was in the vicinity of the quarry at the time of the entry; that that there was in fact an illicit break through the back door of the scale house; that the soft drink machine had been forced; that items of property were gone from the scale house; that the pry bar taken from the defendant was used to open the drink machine. In summary, the prosecutor argued to the jury:

> Now, this is what distinguishes his possession of these tools from your possession of similar tools . . . and that's the criminal intent; and we have shown you that today by showing you *there was in fact a burglary and that there is circumstantial evidence linking the defendant to that burglary in point of fact.* [Emphasis added.]

To be sure, the submission on the MAI 7.38 form for conviction on possession of burglars tools required the jury to find that the defendant intended to use the instruments to commit a burglary—without reference to any time or place. The converse submitted by the defendant, in turn, directed a verdict of acquittal if the jury found "the defendant did not intend to use such instruments to commit a burglary." The question remains: when taken " 'in a practical frame and viewed with an eye to all the circumstances of the proceedings' "— the contention and proof by the State of a burglary accomplished, the submissions by the State and defendant on possession of burglars tools with only a general intent for

burglary—on what issue common to both prosecutions [possession of burglars tools and burglary] could a rational jury have based the verdict of acquittal? *Ashe v. Swenson,* supra, 397 U.S. l.c. 444, 90 S.Ct. l.c. 1194. What issue of fact was foreclosed to the prosecution for burglary by the acquittal for possession of burglars tools?

In technical strictness, no common element connects one offense [possession of burglars tools] which requires for conviction determination that the accused possessed burglars tools commonly used for breaking into a dwelling with the intent to commit a burglary and another offense [burglary] which requires for conviction determination that the accused broke into a building where valuable property was kept, with intent to steal. It is a legitimate method to prove the element that the tools in possession were commonly used to break into a structure, however, by evidence of an actual break-in. And it is a legitimate method to prove an intent to commit burglary by evidence of a burglary actually committed. 13 Am.Jur.2d *Burglary* § 61 (1964); Annot. Statutes Relating to Burglars Tools, 103 A.L.R. 1301, 1316 et seq. (1936). The instruction to the jury to convict for possession of burglars tools if they believed "that the defendant intended to use such instrument to commit a burglary," therefore, can be understood only in terms of the strategy of the prosecution to prove an accomplished burglary. That strategy laid before the jury evidence that the defendant was at the scene of the burglary, that the pry bar taken from his possession was the tool used to break into the scale house and then into the machine, that his shoe imprints were found in the scale house, and that property was taken from those premises—a complete proof of burglary. Thus, although the instruction for conviction was in terms of an intent to use the tools to commit burglary— without ostensible reference to time or place—the statements of counsel, proofs and arguments all called on the jury to decide whether the defendant actually broke into the scale house, actually entered, and actually stole. The contention by the State of a completed burglary was so insistent that the defendant in closing argu-

ment—after a caution to the jury that he was "on trial for possession of burglars tools . . . [and] not on trial for burglary," was impelled to disparage the prosecution evidence as proof of a completed burglary. His argument that the pry bar taken from his possession was an innocent tool of his automobile maintenance work and not the instrument used to break into the scale house or the interior machine was, in effect, a rebuttal of complicity in the burglary.

In these distinctive circumstances a rational jury could have based acquittal in the prosecution for possession of burglars tools only on rejection of the evidence that the tools taken from the defendant were used for unlawful entry into the scale house and for the depredations in the interior premises—that is, a possession with an intent to commit burglary of the specific enclosure contended for by the prosecution evidence. The subsequent prosecution for burglary and stealing convicted the defendant by an instruction [MAI–CR 7.32, proposition First] which submitted that he broke into the scale house, the very issue of fact collateral estoppel foreclosed by the acquittal in the first prosecution. *Ashe v. Swenson,* supra, l.c. 445[7–9], 90 S.Ct. l.c. 1195[7–9]; *Phillips v. United States,* 502 F.2d 227, 232[3] (4th Cir. 1974); *Johnson v. Estelle,* supra, l.c. 352.

The double jeopardy rule against multiple prosecutions describes a constitutional policy of finality for the benefit of a defendant. *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). The constitutional policy does not affect the *option* of a prosecutor to charge offenses separately, but—in the form of collateral estoppel—protects a defendant from attempt to relitigate a fact which underlies a prior acquittal. *Ashe v. Swenson,* supra, 397 U.S. l.c. 446, 90 S.Ct. l.c. 1195. It is, as such, a restraint on the court and the State against multiple prosecutions. *Brown v. Ohio,* supra, 432 U.S. l.c. 165[2], 97 S.Ct. l.c. 2225[2]; Note, Double Jeopardy: Multiple Prosecutions Arising From the Same Transaction, 15 Am.Crim.L.Rev. 259, 285 (1978). These principles of constitutional finality require that the conviction for burglary be reversed and the defendant discharged therefrom.

The collateral estoppel works not only to prevent prosecution for burglary but also for stealing. That follows from the procedure which accords a prosecutor option to charge a burglary and stealing separately or by one information. Rule 24.-04(b) [now 23.05(b)]. If the charges are brought by one formal accusation, stealing becomes a dependent offense so that a conviction for burglary becomes prerequisite to a conviction for stealing. *State v. Cline,* 447 S.W.2d 538, 541[1] (Mo.banc 1969). The conjunction of burglary and stealing in one information constitutes stealing a species of offense which cannot be prosecuted alone. *State v. Scilagyi,* 579 S.W.2d 814, 819[2] (Mo.App.1979); *State v. Cline,* supra, l.c. 543[2–4]. The estoppel to prosecute the burglary charge against the defendant, therefore, also prevents prosecution of the stealing charge.

The convictions for burglary and stealing are reversed and the defendant is ordered discharged.

All concur.