Loy Pooley, the appellant, was indicted and convicted for unlawful breaking and entering a vehicle in violation of Alabama Code 1975, § 13A-8-11. Sentence was six years' imprisonment.
In October of 1983, defendant Pooley and co-defendant Jonathan David Adams were jointly tried under an indictment charging the possession of burglary tools described as "screwdriver, gloves, wire pliers and key cutters . . . with intent to use the same, in the commission of an offense involving forcible entry into premises or theft." Adams was convicted and that conviction was affirmed by this Court inAdams v. State, 459 So.2d 999 (Ala.Cr.App. 1984). Pooley was acquitted. In that case, a screwdriver, pen flashlight, wire pliers, gloves and a derringer were found on Adams. A key-making device was found in Adams' automobile, which was parked nearby. No burglar tools were found on the defendant. The State proved that Keith Anthony's Honda automobile was burglarized by one man. In our opinion affirming Adams' conviction, this Court found that "the evidence thus considered constitutes substantial evidence that . . . [Adams], either as the principal or as an aider or abettor, was guilty of the possession of burglar's tools with the intent to use the tools in the commission of an offense involving forceful entry into premises or theft . . . as charged in the indictment."
In November of 1983, Pooley was tried separately and convicted for the burglary of Anthony's car. In that case, essentially the identical evidence was introduced as in the initial prosecution for the possession of burglary tools.
The legal principles of collateral estoppel are summarized in "Project: Thirteenth Annual Review of Criminal Procedure", 72 Geo.L.J. 249, 517-18 (1983):
 "As a corollary to the prohibition of retrial after acquittal, the double jeopardy clause incorporates the doctrine of collateral estoppel. This principle provides that determination of a factual issue in the defendant's favor at one proceeding estops the government from disputing that fact in another proceeding against the same defendant. Thus, even when different offenses are charged, and the *Page 1339 
double jeopardy clause therefore would not normally bar a second prosecution, collateral estoppel may bar the second trial when a fact previously found in the defendant's favor is necessary to the second conviction. Collateral estoppel also may bar reintroduction of evidence used against a defendant in a prior prosecution when the government is attempting to use the evidence to prove a fact previously found against it. For collateral estoppel to apply both the defendant and the prosecution must have been parties to the prior case. Furthermore, the defendant must be contesting relitigation of an issue of ultimate fact previously determined by a valid and final judgment."
See generally, Annot., 9 A.L.R.3d 203 (1966). Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443,90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). The final question a court must answer in adjudicating a claim of collateral estoppel is "whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." Ashe, 397 U.S. at 444, 90 S.Ct. at 1194.
Here, the trial judge denied the defendant's "plea in bar, autrefois acquit" because "the two offenses charged, the possession of burglar tools and the unlawful breaking and entering of a vehicle are independent and distinct offenses where one can be committed without necessarily committing the other offense."
In denying the defendant's plea, the trial court obviously applied principles of former jeopardy and committed error. "Several important distinctions exist between the defenses of double jeopardy and collateral estoppel. The prohibition against double jeopardy requires identity of offenses, whereas the doctrine of collateral estoppel does not." 21 Am.Jur.2dCriminal Law § 322 (1981).
In the prosecution for the possession of the burglary tools, the State proved the completed burglary of Anthony's Honda automobile. Although this burglary was relevant and admissible to prove the defendant's felonious intent in having the tools,Murray v. State, 43 Ala. App. 5, 178 So.2d 233 (1965), it was unnecessary.
In State v. Lewis, 599 S.W.2d 94, 98 (Mo.App. 1980), it was observed:
 "A conviction for the possession of burglars tools requires proof of a general intent to use the instruments for burglary. That proof is normally by evidence of a reputation for burglary. The intent for use of the tools, therefore, does not relate to a particular time or place but only to an unlawful purpose. That is to say, there is no need to prove a burglary in order to prove the unlawful possession of burglars tools." (Citations omitted).
See also Burrell v. State, 429 So.2d 636, 638-39 (Ala.Cr.App. 1982).
Here, as in Lewis, the prosecutor "undertook nevertheless to prove a completed burglary to convict for the unlawful possession of burglars tools, and not by an occasional overlap of the evidence, but by strategy and design." 599 S.W.2d at 98. In the prosecution for possession of burglary tools, the State introduced the evidence of the burglary to prove the defendant's felonious intent for having the tools. In the burglary case, the State produced evidence of the burglary tools to connect the defendant with the burglary and to prove that the defendant was guilty of aiding and abetting in the unlawful entry of Mr. Anthony's automobile. This clearly violates the principles of Ashe. See Lewis. In this case, a rational jury could have based its acquittal of the defendant in the prosecution for the possession of burglary tools only on rejection of the evidence tending to show that the defendant knew that Adams had the tools and intended to use the tools for a felonious purpose.
The constitutional policy of collateral estoppel prevents the State from attempting to relitigate a fact which underlies a prior acquittal. Ashe, supra. The judgment of *Page 1340 
the circuit court is reversed and the cause rendered.
REVERSED AND RENDERED.
All Judges concur.