**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Wali Abdul MUHAMMAD,
Defendant-Appellant.**

**No. 48691.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 12, 1985.

Motion For Rehearing and/or Transfer to Supreme Court Denied April 26, 1985.

Murray Stone, St. Louis, for defendant-appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GAERTNER, Judge.

Defendant was found guilty by a jury of robbery in the first degree, § 569.020, RSMo. 1978. As a persistent offender he was sentenced by the court to a term of 30 years. On appeal defendant alleges error in the overruling of his motions for directed verdict of acquittal, in the admission of certain evidence and instructional error. We affirm.

Because the defendant challenges the sufficiency of the evidence, we consider the facts in evidence and all favorable inferences reasonably to be drawn therefrom in the light most favorable to the verdict and disregard all contrary evidence and inferences. *State v. McDonald,* 661 S.W.2d 497, 500 (Mo. banc 1983).

On September 7, 1982, Veronica Gaines and Byron Whitlock were working at a Church's Fried Chicken restaurant in St. Louis County. About 12:45 a.m. defendant, wearing a pink-checked jacket, entered the restaurant and placed an order. He then jumped over the counter, pointed a gun at Whitlock and ordered him to open the cash register. He also ordered Gaines to lie on the floor. Whitlock testified the cash drawer stuck at first but the defendant finally got it open and "started taking money out." A scuffle between defendant and Whitlock then ensued during which the

gun fell to the floor. Subsequently, black pistol grips were found in this location. The defendant then ran from the restaurant and drove off in a white Trans Am with brown paper bags covering its license plates.

Approximately one and one-half hours later, an employee of a Church's Fried Chicken restaurant in the City of St. Louis flagged down a passing patrol car and reported a man in a white Trans Am had been sitting in the parking lot for about one-half hour. The officer, on closer examination of the Trans Am, observed its license plates to be covered by brown paper bags. As he approached the car he observed the defendant, the sole occupant, reach down toward the right side of the car. He ordered the defendant out of the car. A tear-gas pistol with missing grips was found in the defendant's boot. The officer then conducted a pat-down search and seized a quantity of currency and coins and the pink sportcoat worn by defendant. Subsequently, Gaines and Whitlock identified defendant at a line-up.

Defendant's challenge to the sufficiency of the evidence and to the verdict-directing instruction focuses upon his contention that the state failed to prove that money was actually taken during the robbery. Relying upon *State v. Cornett*, 520 S.W.2d 146 (Mo.App.1975), defendant argues the testimony of Whitlock that defendant "started taking the money out of" the cash register is insufficient to prove an actual taking. In *Cornett*, the victim testified that he was ordered at gunpoint to turn away until the defendant " 'got done in the cash register.' " Despite conclusionary testimony by the owner, who was not present at the robbery, that a shortage of money was computed from cash register tapes, and since others had access to the cash drawer, this court held the evidence insufficient to prove the defendant had taken anything. *Id.* at 148.

Here, defendant's argument, that the testimony "he started taking money out" is susceptible of different interpretations, overlooks the requirement that we review the evidence and the reasonable inferences to be drawn therefrom in the light most supportive of the jury's verdict. *State v. McDonald, supra.* His argument also ignores the import of the additional testimony of Whitlock:

Q. Now, just so we get the sequence of events right, you say he started taking money out of the register. Was that before he started pushing you under the counter?

A. Before.

Q. Was there more currency in the register?

A. Yes, sir.

Q. What about coins?

A. Some small change.

Q. Do you have any idea how much?

A. No.

The clear and inescapable import of this testimony is that some money was taken but that more remained. The absence of evidence establishing the exact amount of money taken is irrelevant in a robbery case. *See State v. Littlefield*, 594 S.W.2d 939, 942 (Mo. banc 1980). Defendant's challenge to the sufficiency of the evidence to prove a taking of currency and coins as submitted in the state's verdict-directing instruction is denied.

The defendant's remaining points on appeal relate to the admission in evidence of the items seized by the police at the time of his arrest. He first contends the court erred in overruling his motion to suppress and in admitting the items into evidence because their seizure was based upon an illegal arrest. The gist of defendant's argument is that the arresting officer did not have probable cause to arrest defendant because the officer was not aware of the robbery which had occurred earlier.

It is a well accepted principle in Missouri that "where police officers entertain a *reasonable suspicion* that criminal activity may be afoot, they may stop the suspected person, identify themselves as police officers, require the suspect to identify himself and make reasonable inquiries concerning his activities." *State v. Lasley,*

583 S.W.2d 511, 518 (Mo. banc 1979) (emphasis in original). In determining "reasonable suspicion" there must be " 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.' " *Id.*, quoting from *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Probable cause to arrest is not necessary at this point. "The standard is whether the facts available to the officer at the moment of the stopping for investigation warrant a person of reasonable caution in having the belief that the action was appropriate." *State v. Fain*, 679 S.W.2d 419, 423 (Mo. App.1984).

■ Here the facts of the situation amply justify the officer's initial confrontation with defendant. It was an early morning hour when few businesses were open; defendant had been parked watching the employees depart Church's for half an hour; both license plates on the car were covered with brown paper bags and as the officer approached the car from the rear, defendant's motion appeared as though he was reaching down for some object toward the right side of the car. These facts taken together support the officer's action. Clearly, the officer was correct in questioning the defendant and in conducting a pat-down for weapons under the circumstances. It was only after this limited search for weapons and the discovery of the tear-gas gun in his boot and a concealed straight razor that defendant was placed under arrest. "A search of a person conducted incident to his lawful arrest does not violate the Fourth Amendment." *Id.* Defendant's first point is denied.

■ Finally, defendant objects to the admission in evidence of the currency and coins seized from defendant because there was no evidence that any money was taken. We have previously held that the inferences to be drawn from the evidence adequately support the jury's finding that money was taken. Defendant does not couch his point relied on as a direct assault upon the absence of evidence connecting the money taken and the money seized. However, such an assertion is implicit in his attack and we therefore will consider the issue.

In *State v. Vernor*, 522 S.W.2d 312 (Mo. App.1975), a defendant sought reversal because of the evidence of his possession of $83.50 when arrested. He, with others, was charged with an $800.00 robbery. Noting the $83.50 represented less than ⅓ of his fair share of the proceeds, the court found the evidence "irrelevant, immaterial, of no probative value, and it should have been excluded." *Id.* at 315. However, in the absence of any indication of prejudice to the defendant, the evidence was deemed harmless error, not warranting reversal.

The same reasoning and the same conclusion are appropriate here. The money seized was described to the jury only as one 20, one 5 and many 1 dollar bills and a quantity of change. There is no evidence tending to show any connection between this money and that taken from the cash register. The admission of this evidence was erroneous as it was totally irrelevant and of no probative value. However, defendant does not suggest and we are unable to discern any prejudice visited upon the defendant by reason of its admission. Possession of such funds is not even remotely indicative of the commission of the crime charged or any other crime. " 'From all that appears, the money simply belonged to the defendant.' " *State v. Vernor*, 522 S.W.2d at 316. In view of the strength of the evidence of defendant's guilt, the erroneous admission of evidence, which might call for reversal in a close case, may be disregarded as harmless. *Id.*

The judgment is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.