**STATE of Missouri, Respondent,**

v.

**Robert ENDRES, Appellant.**

No. 48131.

Missouri Court of Appeals,
Eastern District.

May 14, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 12, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Jack Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.

Dave Hemingway, St. Louis, for appellant.

EDWARD D. HODGE, Special Judge.

A jury found the appellant, Robert Endres, guilty of robbery in the first degree and carrying a concealed weapon. Judgment and sentence was assessed at twenty

years confinement on the robbery count and ten years confinement on the concealed weapon count, the sentences to be served concurrently and to commence upon the completion of a prior fifty year sentence for capital murder. We affirm.

On August 1, 1981, John Sanborn was working as a bartender at J & J's Tavern on the corner of Kingshighway and Mardel in the City of St. Louis. At approximately 8:45 p.m. on that evening, Mr. and Mrs. Evans and Mr. and Mrs. Wolf parked their automobile on Mardel adjacent to the rear of the tavern in close proximity to the men's restroom. As Mr. Evans turned off the ignition to the car, a popping sound resembling a gunshot was heard. Thereafter, the two couples immediately entered the front door of the tavern where they observed the appellant, the only person in the building, standing at the bar on the customer's side. He appeared to be picking something up from the bar. The appellant then left the tavern passing close by the four witnesses as he did so. He was then seen to walk briskly across Kingshighway to the east side of the street and to proceed north along Kingshighway. Thereafter, Mr. James Fields, another customer, arrived and entered the tavern. Mr. Fields, Mr. Evans and Mrs. Wolf noticed that the cash register was open and empty except for some change. The bartender, Mr. Sanborn, was found lying in the men's bathroom with a gunshot wound to his head. The robbery was reported and a description of appellant broadcast by the police dispatcher. Officers Donald Mueller and Stephen Greishaber of the St. Louis Police Department responded to the call and located appellant walking north on the east side of Kingshighway five blocks from the tavern. The appellant was stopped and a search of his person revealed a .22 caliber gun concealed under his shirt in the waistband. The officers also recovered $67.00, $34.00 of which were in one dollar bills in appellant's right hand pocket. Appellant was then returned to the tavern where he was identified as the man seen leaving the tavern by the witnesses. A subsequent police investigation revealed that Mr. San-

born had been shot in the head and was lying in the men's restroom at the rear of the tavern. Later analysis led to the conclusion that the bullet recovered from the victim's head could have come from the gun seized from the appellant. Cartridges found in appellant's gun also matched those found in the wall of the restroom. Also found at the scene was an empty money clip, later identified as the victim's. The clip was found near the center of the bar where appellant was standing when observed by the witnesses. The evidence indicated that Mr. Sanborn started his nightshift with approximately $160.00 in the cash register, and register receipts indicated that on the day of August 1st the tavern took in an additional $26.00 to $30.00 from customers.

Appellant was indicted for capital murder in addition to the charges in the instant case. The capital murder charge was previously tried and appellant was found guilty.

On appeal, Endres contends the trial court erred in: (1) failing to grant the motion for aquittal or new trial based on insufficiency of evidence regarding the taking of property; (2) in admitting in evidence a letter from appellant to one Shirley Schmidt; (3) in refusing to grant appellant's motion to dismiss the robbery charge on the basis of collateral estoppel or double jeopardy.

█ In considering appellant's first contention of error, we note that the evidence and its reasonable inferences must be considered in the light most favorable to the state. *State v. Van Doren*, 657 S.W.2d 708 (Mo.App.1983). Applying this standard, the jury could have reasonably believed that the appellant did in fact take money from the cash register. The owner of the tavern testified that $160.00 to $180.00, plus approximately $30.00 in cash receipts, was in the cash drawer. The officers, responding to a radio broadcast of the description of the individual seen in the tavern, arrested appellant four blocks from the scene of the crime. A search of the

appellant produced $67.00 in cash, $34.00 of that in one dollar bills. Later, appellant was positively identified by eyewitnesses as the man who left the tavern just after the shooting. The eyewitnesses testified to hearing the sound of shots being fired, and upon immediately entering the tavern the appellant was seen standing at the bar. He was the only person in the barroom at that time.

This direct and circumstantial evidence is in our view sufficient to support the jury's conclusion that the appellant had committed the offense of robbery.

■ Appellant next contends that the trial court erroneously admitted into evidence appellant's letter to one Shirley Schmidt. In the letter, which was read to the jury, the appellant did proclaim his innocence. However, his discussion of the strengths and weaknesses of the states case, and his statement that "two, three witnesses who were coming in the door as I was leaving all identified me by my clothing and not my face ...", could be considered by the jury as evidence of conciousness of guilt. *State v. Freeman*, 667 S.W.2d 443 (Mo.App.1984). If, as appellant asserts, the letter did not indicate a conciousness of guilt then the admission of the document, even if error, would have in no way prejudiced the appellant. We find no error in the admission into evidence of the letter to Shirley Schmidt.

■ Finally, appellant contends that the court erred in denying appellant's motion to dismiss the robbery charge on the grounds of collateral estoppel and double jeopardy. Citing *State v. Lewis*, 599 S.W.2d 94 (Mo.App.1980) appellant argues that because the state at his trial for capital murder presented evidence of robbery in order to establish the element of premeditation, it should be estopped from subsequently trying appellant for the robbery. Appellant cites *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), in support of his assertion that the doctrine of collateral estoppel is a variant of double

jeopardy and should be applied in the instant case. Appellant's reliance on *Lewis*, supra, and *Ashe*, supra, is misplaced. First, *Lewis* involved the application of collateral estoppel to prohibit the relitigation of an issue found in favor of defendant in a prior case. Also, in *Ashe*, a collateral estoppel case, the court held that the state could not relitigate an issue found in favor of the defendant. We find no authority for applying collateral estoppel where the issue in the prior action was determined in favor of the state. The purpose of the collateral estoppel doctrine is to relieve a litigant of the necessity of relitigating an issue found in his favor in a previous action. In the instant case the issue which appellant claims should not be relitigated, i.e. the evidence of the robbery, was in fact found in favor of the state. Because of other constitutional constraints, e.g. right of confrontation, the state is not relieved of the burden of establishing the elements of the offense in a subsequent charge. Although we conclude that the collateral estoppel, issue preclusion, is inapplicable here, the fact that the issue in the prior case was found in favor of the state does not preclude the application of the traditional test of double jeopardy. *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In *Blockburger*, the United States Supreme Court defined double jeopardy as follows:

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

*Blockburger* focuses on the proof necessary to prove the statutory elements of the offense rather than the actual evidence to be presented at trial. Thus, if each offense requires proof of an additional fact which the other does not, the offenses are not the same under the *Blockburger* test. It is apparent that in the case before the court the offense of capital murder requires a homicide whereas robbery does not; and

the offense of robbery requires the taking of property whereas capital murder does not. Thus, the two offenses are separate and double jeopardy is inapplicable.

In *Vitale*, cited by the appellant, the Supreme Court following the *Blockburger* test, held that a person convicted of a crime having several elements included in it may not subsequently be tried for a lesser included offense, an offense consisting *solely* of one or more elements of the crime for which he has already been convicted. We find nothing in *Vitale* indicating either the abandonment or extension of the rule originally set down in *Blockburger*. We conclude that appellant's subsequent prosecution for robbery was not a prosecution of a lesser included offense and accordingly we find against appellant on his double jeopardy claim.

Judgment affirmed.

SIMON, P.J., and STEPHAN, J., concur.