**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Robert ENDRES, Defendant-Appellant.**

**No. 52429.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 10, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1987.

Application to Transfer Denied
Jan. 20, 1988.

Stormy B. White, Asst. Public Defender, Clayton, for defendant-appellant.

Karen A. King, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

A jury found defendant guilty of capital murder and sentenced him to life imprisonment without possibility of parole for fifty years. He appeals; we affirm.

Defendant's previous conviction of this offense was reversed and remanded because of intentional concealment of information by a juror on voir dire. *See State v. Endres,* 698 S.W.2d 591 (Mo.App.1985), which contains a detailed statement of the facts along with *State v. Endres,* 699 S.W.2d 1 (Mo.App.1985) (the appeal from defendant's robbery conviction arising out of the same incident). In short, the evidence shows that two couples went to a tavern. Before they entered they heard a popping sound. Upon entering, the only person they saw was defendant, standing on the customer side of the bar and apparently picking up something from the bar. Defendant left, and the couples saw him running away from the tavern. Another customer came in and began looking for the bartender, whom he found in the men's room on the floor. The bartender had been shot in the back of the head. The customer found a wallet, identified as belonging to the victim and containing no money, in the men's room sink. He also saw that the cash register drawer was open and empty, except for some change. The victim's empty money clip was found on the bar near the place defendant had been standing. The police were promptly called.

A description of the man leaving the tavern, given by the couples, was broadcast by the police dispatcher. Within fifteen minutes of the crime, two officers spotted defendant about five blocks from the tavern, walking away from it. He fit the description that had been broadcast, so they stopped and arrested him. A search revealed a .22 caliber pistol hidden under his shirt. The gun contained three live cartridges and three spent cartridges. The officers also found $68.65 in defendant's right hand pocket, including thirty-three one dollar bills. He was returned to the tavern where four witnesses identified him as the man they had seen leaving the tavern. At trial an expert testified the bullet fragments found in the victim's body, plus the .22 caliber bullet and other bullet fragments found in the men's room, were consistent with the .22 caliber pistol and cartridges found in defendant's possession.

On appeal, defendant contends the court erred in admitting in evidence the

money found on him because there was no evidence connecting the money with the tavern or with the crime charged. Ordinarily, the mere possession of a quantity of money is not relevant to the issue of whether defendant stole the money because money is fungible. However, where only a short period of time elapses between the commission of the crime and the arrest, and the amount of money taken from the victim is similar to the amount of money found in the defendant's possession at the time of arrest, evidence of the amount seized is relevant and, therefore, is admissible. *State v. Harris*, 539 S.W.2d 793, 794 (Mo.App.1976). We note that the cases addressing this issue have involved stealing or robbery. *See State v. Britt*, 504 S.W.2d 38 (Mo.1973); *State v. Muhammad*, 690 S.W.2d 427 (Mo.App.1985); *Harris*, 539 S.W.2d 793. Here, defendant was on trial for murder, and the state appropriately sought to prove that the motive for the murder was robbery. *State v. Buckles*, 636 S.W.2d 914, 918–20 (Mo. banc 1982).

■ Defendant contends that at no point in the trial did the state introduce any evidence to show there had been any money in the cash register or in the victim's wallet prior to the killing. We believe that the evidence was sufficient to allow the inference that money was taken from the cash register in the tavern and from the victim's wallet. However, assuming the trial court erred in admitting this evidence, reversal is not required because the state made a strong case. Considerable evidence tied defendant to the murder. Error in admitting in evidence money found on the defendant, which in a close case might call for a reversal, may be disregarded as harmless where the evidence of guilt is strong. *Muhammad*, 690 S.W.2d at 430; *State v. Vernor*, 522 S.W.2d 312, 315–16 (Mo.App.1975). Defendant's reliance on *State v. Beedle*, 619 S.W.2d 334 (Mo.App. 1981), is misplaced. In *Beedle*, the trial court was reversed for error in its written response to an inquiry from the jury. Furthermore, the *Beedle* court distinguished *Vernor*, 522 S.W.2d 312, because in the case before it the state's evidence was "thin." *Beedle*, 619 S.W.2d at 344. Point denied.

Defendant also contends the court erred in overruling his motion for a mistrial because the state's witness, Detective Donald Mueller, impermissibly mentioned defendant's prior trial in front of the jury, causing prejudice to him.

Prior to trial, defendant's counsel made an oral motion *in limine*, asking that the state's witnesses be instructed not to mention the fact that there had been prior trials involving defendant on the murder and robbery charges. Anticipating use of testimony from the previous trial for impeachment, defendant's counsel indicated he had no objection to testimony indicating that there had been prior "proceedings" or "hearings" of some nature, but he objected to their characterization as "trials." The court instructed the prosecutor to inform his witnesses not to refer to the prior proceedings as "trials." On cross-examination of Mueller by defendant's counsel, the following exchange occurred:

Q. Detective Mueller, today you testified that when you first saw the defendant he was running on Kingshighway, is that correct?

A. That's correct, sir.

Q. Can you speak up, please.

A. That's right, sir.

Q. Okay. Do you remember giving prior testimony in a prior hearing in this case on September 20th, 1982?

A. I don't remember everything that I said.

Q. Okay.

A. No, sir, I don't.

Q. Do you remember giving prior testimony in this case?

A. I did, yes, sir.

Q. Okay. Do you remember being asked that question prior to today?

A. No, sir.

Q. You don't remember?

A. No, sir.

Q. Okay. You don't remember [the] question, "And what was he doing when you first saw him" and your answer "walking very fast north on Kingshighway"?

A. There was a lot of questions asked me in 1982, sir, that I don't remember today.

Q. That was five years ago, correct?

A. The trial was in '82, the incident occurred in '81.

MR. ROSENBLOOM: Your Honor, can I approach, please?

Defendant's counsel objected to the witness's mention of a prior "trial," and he requested the court to strike the response, to instruct the jury to disregard it, and to declare a mistrial. The court sustained the objection, struck the response from the record, and instructed the jury to disregard the statement, but it refused to declare a mistrial.

▮ The declaration of a mistrial is a drastic remedy. It should be granted only in those extraordinary circumstances in which the prejudice to the defendant can be removed in no other way. *State v. Jones,* 714 S.W.2d 909, 912 (Mo.App.1986). The trial court has broad discretion in the declaration of a mistrial, and its decision should be overturned only when there is clear evidence that its discretion has been abused. *Id.* Here, we find no abuse of discretion. The witness used the word "trial" only once while defendant's counsel attempted to impeach him with his testimony from the prior trial. Before the witness mentioned a "trial," defense counsel himself referred to "prior testimony in this case" and "a prior hearing in this case on September 20, 1982." (This trial was held on September 8–11, 1986). We doubt that a juror could discern the difference between a prior hearing and a prior trial. In any event, the court sustained the objection and instructed the jury to disregard the question and the response. In these circumstances we refuse to second-guess the trial court, which was in a better position to view and cure any prejudice to defendant. The point is denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.