**STATE of Missouri, Respondent,**

v.

**Sammy CLARK, Jr., Appellant.**

No. 53469.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 23, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 21, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Stormy White, Asst. Public Defender,
Clayton, for appellant.

William L. Webster, Atty. Gen., Robert V.
Franson, Asst. Atty. Gen., Jefferson City,
for respondent.

1. The evidence was equivocal as to defendant's
marital status. For the purposes of this opin-
ion, we will assume that defendant and Ms.

CRANDALL, Presiding Judge.

Defendant, Sammy Clark, Jr., appeals his
conviction, after a jury trial, of attempted
second degree robbery. Defendant was
sentenced, as a persistent offender, to im-
prisonment for 12 years. We affirm.

On appeal, defendant claims the trial
court erred in overruling his motion for a
mistrial when the prosecutor, during clos-
ing argument, commented on the failure of
the defendant's wife to testify in support of
his alibi defense. Defendant argues that
the prosecutor's comments constituted a
prejudicial violation of Section 546.270,
RSMo (1986).

On October 22, 1985, David Morris was
approached at his liquor store by defend-
ant. Although he did not know defendant
by name, Morris recognized him because
defendant had been in the store earlier that
day and because he frequented the store
two or three times a month. As Morris
attempted to enter the protective cage, the
defendant struck Morris and a struggle
ensued. Defendant fled when Morris told
him the police were coming.

On December 27, 1985, Morris saw a
photograph of the defendant on the front
page of the Evening Whirl and contacted
the police. The police conducted a photo-
graphic lineup from which Morris positively
identified the defendant as the man who
robbed him. Later, defendant confessed to
the crime.

At trial, defendant testified that, after
working on his car in front of his home, he
walked two blocks to the Morris liquor
store. When he saw a police car in front of
the store, he returned home. On that date,
defendant lived with his wife, Ms.
Anderson [1] and her five children. Defend-
ant testified that his neighbors and his wife
could verify the fact that he was at home
working on his car at the time of the rob-
bery. He testified, without objection dur-
ing cross-examination, that he did not have
these people present to testify because he
did not want to "bring anybody into his
problems." During closing argument, the

Anderson were legally married on the date of
the crime.

prosecutor argued that, "[T]his man couldn't get his own wife in here to substantiate his alibi."

Prior to considering the merits of defendant's claim of error, we note defendant's only request at trial was for a mistrial. The declaration of a mistrial is a drastic remedy. It should be granted only in those extraordinary circumstances in which the prejudice to the defendant can be removed in no other way. *State v. Endres*, 741 S.W.2d 788, 791 (Mo.App.1987). By failing to request any curative action short of a mistrial, defendant bears the heavy burden of showing that any less drastic remedy could not have removed the prejudice generated by the prosecutor's closing argument.

We now specifically consider the merits of defendant's claim of error. Section 546.-270 clearly prohibits reference by a prosecutor to a defendant's failure to call his wife as a witness on his behalf. Although the prosecutor's remarks constituted a direct reference within the meaning of the statute, we hold that the trial court did not err in refusing to grant a mistrial. By his testimony, defendant raised the inference that his wife would have been a favorable defense witness. He then attempted to explain her absence at trial while portraying himself as an altruist. Thus, defendant opened the door for the prosecutor to attack the veracity of his testimony during the closing argument.

Secondly, even if we assume that the prosecutor's statement was improper, there was no prejudice. Defendant initially made reference to the wife's nonappearance. The prosecutor simply reiterated that same point to the jury in his closing argument, albeit with a different innuendo. Defendant's point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.