## STATE v. JAMES B. SPANGLER.

153 N. W. (2d) 278.

September 29, 1967—No. 40,422.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Acting Solicitor General, *Robert W. Johnson,* County Attorney, and *G. D. Giancola,* Assistant County Attorney, for respondent.

OTIS, JUSTICE.

Defendant was convicted of burglary and sentenced to a term not to exceed 20 years. The issues on appeal are whether at the time of the offense defendant "possessed" tools to gain access to money or property,

and, if so, whether it was necessary for the state to prove he had such possession while in the building which was burglarized. Defendant contends that in the absence of such proof his sentence should have been limited to a period of 5 years.[1]

The testimony of police officers permitted the jury to find that on Sunday, August 1, 1965, at about 11 p. m., a burglar alarm was activated at the Village of Circle Pines Municipal Liquor Dispensary. Upon arriving at the scene they discovered a hole in the building and ordered that if anyone was inside he come out and surrender. Thereupon defendant emerged from the building and was arrested. Although the contents of the store had been rummaged, nothing was missing. Since it was apparent that the hole had been opened with a sledge hammer, the officers asked defendant where the burglary tools were located. Defendant then admitted he had used tools to gain entrance to the building and he disclosed where he had concealed them. Some 8 feet from the hole the officers found a sledge hammer, two crowbars, two splitting wedges, and a pry bar.

■ Defendant was charged under Minn. St. 609.58, subd. 2(1). He contends that there was no evidence that he possessed burglary tools "to gain access to money or property," as is required by subd. 2(1)(a), either when entering or while in the building.

We do not construe so narrowly the word "possess." If defendant's theory were adopted, he could not be convicted unless he somehow

---

[1] Minn. St. 609.58, subd. 2, provides in part as follows: "Whoever enters a building without the consent of the person in lawful possession, with intent to commit a crime therein, commits burglary and may be sentenced as follows:

"(1) To imprisonment for not more than 20 years or to payment of a fine of not more than $20,000, or both, if:

"(a) When entering or while in the building, he possesses an explosive or tool to gain access to money or property; or

* * * * *

"(3) In any other case, to imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both, if the intent is to steal or commit a felony or gross misdemeanor or to imprisonment for not more than one year or to payment of a fine of not more than $1,000, or both, if the intent is to commit a misdemeanor."

managed to have on his person or in his hands all or a part of the heavy and cumbersome equipment necessary to break through the wall. It is sufficient under our statute that defendant have constructive possession and immediate access to the tools in order to bring him within subd. 2(1)(a).[2] There is both direct and circumstantial evidence from which the jury could decide that he had used the hammer to break in and that shortly before he was apprehended he had deposited the burglary tools where the police found them.

■ Defendant argues that he cannot be convicted under § 609.58, subd. 2(1)(a), unless explosives or burglary tools were in his possession while he was actually in the building. In support of his position, defendant points out that under our prior statute, Minn. St. 1961, § 621.08, this was a necessary element of the offense to constitute burglary in the first degree, and that the Advisory Committee Comment, 40 M. S. A. p. 535, indicates the only major change in the new law was to reduce the sentence from life to 20 years. If the tools or explosives were used only to break into the building, defendant asserts that the penalty is limited to 5 years under subd. 2(3). We are not persuaded by this argument. In determining the legislature's intent we can assume they were as much concerned with the danger to public safety when the side of a building is blown out as when explosives are used to open a vault or safe within it. We therefore construe the statute to permit a conviction under subd. 2(1)(a) where explosives or tools are used to enter a building if the purpose is to gain access to money or property.

■ The third assignment of error has been rendered moot by an affidavit of the court reporter correcting a mistake in transcribing a part of the court's charge to the jury.

Affirmed.

---

[2] 2 Wharton, Criminal Law and Procedure, § 437, p. 59 and note 6; Annotation, 103 A. L. R. 1313, 1314; 13 Am. Jur. (2d) Burglary, § 74 and notes 6 and 7.