STATE v. GERALD JENNES EMERSON.

169 N. W. (2d) 63.

June 27, 1969—No. 41638.

*John S. Connolly,* for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *J. Dennis O'Brien,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendant appeals from a conviction for possession of burglary tools in violation of Minn. St. 609.59.[1] He was tried without a jury and sentenced to a term of 3 years in prison.

On the evening of February 1, 1968, at about 11:15 p. m., the chief of police of Delano, Cornelius Stein, was patrolling a county road when he noticed footprints in the snow headed in the direction of a school building some 2,000 feet away. He got out of his car and followed the tracks to a tree about 75 feet from the highway, behind which he found defendant crouched. At gunpoint he took defendant back to the squad car where he searched him. In so doing he found a pair of binoculars, a sledge hammer, a two-cell flashlight, two pairs of brown jersey gloves, one pair of leather chopper mittens with liners, a pair of zipper over-shoes, heavy winter clothing, a ski mask, and a loaded revolver. Thereafter, defendant's car was located and was searched without a warrant. It contained two large chisels, a roll of adhesive tape, and a jar of

---

[1] Minn. St. 609.59 provides as follows: "Whoever has in his possession any device, explosive, or other instrumentality with intent to use or permit the use of the same to commit burglary may be sentenced to imprisonment for not more than three years or to payment of a fine of not more than $3,000, or both."

vaseline. The following day, upon returning to the tree where defendant was apprehended, a police officer found a crowbar 18 inches long. These items were received in evidence without objection.

1. We hold that the evidence was sufficient to sustain the conviction. Defendant was a stranger in the community; it was a late winter evening approaching midnight; he was in an isolated, wooded area headed toward the school building some 2,000 feet away, laden with burglary tools. His only explanation was that he was working off tension; that the tools were symbolic of his prior history which had been marked by criminal activity; and that having the tools "was kind of like being able to rise up above your past." On this record the court was justified in finding defendant guilty. State v. Valstad, 282 Minn. 301, 165 N. W. (2d) 19.

2. Although it seems clear that there was probable cause for making the arrest and the articles taken from defendant's person were seized as an incident of the arrest and thus admissible in evidence, we do not find it necessary to pass on the issue of whether this evidence and that which was taken from the car were properly received. Defendant made no motion to suppress and no objection to the state's offer and consequently he has waived any rights he might otherwise have had. State v. Harrison, 279 Minn. 310, 156 N. W. (2d) 763.

Affirmed.