DeCARLO, Judge.
Possession of burglary tools; three years.
During the months of January and March, 1980, burglaries occurred at the residences of John Thornton in Walker County, and William Love in the Forestdale area of Jefferson County. A total of $350,000 was taken from the safes in these two homes. During this period, deputies of the Jefferson County Sheriff’s Department received information from a confidential informant concerning these burglaries. As a result of this information, surveillance was conducted by the Jefferson County Sheriff’s Department.
On April 15, 1980, Sgt. Linn Moore saw the appellant drive away from the residence of Sam Tombrello in a black Cutlass. The appellant was accompanied by Dominick Locareo, Sam Tombrello, Jeff Adder and Richard Marazavitz. The five men proceeded north on Highway 78 West to the rear of Charles Hollis’ residence. Sgt. Moore observed the men carrying something into the residence.
After some fifteen minutes the appellant and another party left the house, the appellant entered the Cutlass automobile, and the other party entered a brown truck parked in the driveway. The appellant and the other party proceeded to drive down the driveway. At that time Sgt. Moore and other officers moved in and arrested the appellant and the man in the truck. The other three men were arrested in the basement of the residence and charged with burglary. During this time, Mr. Hollis and his wife were in the upper level of the house eating supper.
Sgt. Moore testified that the appellant has signed a consent form giving permission to search the Cutlass automobile. He also identified a rights waiver form in which the appellant acknowledged that he had been given his Miranda warnings.
During the trial, retired Sgt. Detective James W. Jones, Jr. was qualified as an expert in identifying tools used in safe burglaries. He stated that he had been a detective for thirty-one years, with eighteen years in the burglary detail, and had investigated between twelve hundred and fifteen hundred safe burglaries. Sgt. Jones identified the various tools which had been taken from the Cutlass automobile driven by the appellant, and entered into evidence as State’s Exhibits Nos. 9 through 15, as tools commonly used for breaking into a safe. Among those tools were one crow-bar, a sledge hammer with a sawed-off handle, long-handle sledge hammer, a small hammer, a pry-bar, a chisel, and a punch.
Frank Jones and H. M. Wade, Jr. of the Jefferson County Sheriff’s Department testified, over appellant’s objection, regarding the occurrence of prior safe burglaries with similar tools in the area.
I
Possession of burglary tools is defined in § 13A-7-8, Code of Alabama 1975, as follows:
“(a) A person commits the crime of possession of burglar’s tools if he:
“(1) Possesses any explosive, tool, instrument or other article adopted, designed or commonly used for committing or facilitating the commission of an offense involving forcible entry into premises or theft by a physical taking; and “(2) Intends to use the thing possessed in the commission of an offense of the nature described in subdivision (aXl) of this section.”
The evidence presented by the State was sufficient to connect the appellant with tools commonly used for safe burglaries. It was shown that the black Cutlass automobile where the tools were found belonged to the appellant and the appellant had executed a written consent to the search of the automobile.
The admission of the testimony by deputies Jones and Wade of prior safe burglaries involving similar tools in the vicinity of the Hollis residence was proper under the authority of Murray v. State, 43 Ala.App. 5, 178 So.2d 233 (1965). There the court stated:
*76 “On a charge of possessing burglary tools, to show the felonious intent of the accused in having the tools in his possession, evidence that accused had just committed a burglary and was found in possession of the spoils, or that the articles found in accused’s possession were identical to those used in recent burglaries, has been held admissible. State v. Heflin, 338 Mo. 236, 89 S.W.2d 938, 103 A.L.R. 1301; Fuqua v. State, 246 Miss. 191, 145 So.2d 152.” [Emphasis added].
Therefore, the trial court was not in error in admitting this testimony tending to show the felonious intent of the appellant. See also § 13A-7-8 (Commentary), Alabama Code, supra.
It is well settled that the issue of intent is for the jury’s determination. Here, the appellant’s presence at the Hollis residence and his possession of the tools in question, Mains v. State, Ala.Cr.App., 375 So.2d 1299 (1979), were justifications for submitting the issue of felonious intent to the jury.
We have searched the record and have found no error prejudicial to the appellant. Hence, the judgment of conviction by the Jefferson Circuit court is affirmed.
AFFIRMED.
All the Judges concur.