484 So.2d 1150 (1985)
Charles James McCLELLAN
v.
STATE.
6 Div. 489.
Court of Criminal Appeals of Alabama.
November 12, 1985.
Rehearing Denied January 28, 1986.
Certiorari Denied March 28, 1986.
*1151 Kenneth J. Gomany of Gomany & Cahill, Birmingham, for appellant.
Charles A. Graddick, Atty. Gen., and Gerrilyn V. Grant, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 85-549.
LEIGH M. CLARK, Retired Circuit Judge.
Charles James McClellan was prosecuted on a two-count indictment. The first count charged him with the possession of burglar's tools, in violation of Alabama Criminal Code, § 13A-7-8, which provides as follows:
"(a) A person commits the crime of possession of burglar's tools if he:
"(1) possesses any explosives, tools, instrument or other article adapted, designed or commonly used for committing or facilitating the commission of an offense involving forcible entry in the premises or theft by a physical taking, and
"(2) intends to use the thing possessed in the commission of an offense of the nature described in sub-division (a)(1) of this section."
The second count of the indictment charged defendant with burglary in the third degree, in violation of § 13A-7-7 of the Code, which provides:
"A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with the intent to commit a crime therein."
The jury returned a verdict finding defendant guilty under the first count of the indictment and returned a verdict finding him not guilty under the second count of the indictment.
In the brief of counsel for appellant, only two issues are presented. As to one of the issues, the following is a concluding argument in the brief of appellant's counsel:
"Here, the verdicts by the jury in the instant case are inconsistent. `Intent', in this statute requires a guilty mind. The jury by acquitting the defendant of burglary which allegedly arose all out of the same fact situation negated any `intent' or guilty mind on the part of the defendant to possess burglary tools in the intent to use the thing(s) possessed in the commission of an offense of forcible entry or theft by physical taking as alleged in the indictment. Defendant herein argues that his conviction is due to be reversed and rendered because by operation of law, the acquittal of the thing for *1152 which he was charged with committing while possessing the tools introduced into evidence at his trial, rendered any criminal intent on his part absent."
The transcript of the proceedings in the trial court discloses that about 10:00 o'clock, the night of October 8, 1983, a burglary alarm at the Spaulding Elementary School in Birmingham was activated, which alerted a security officer of the Birmingham Board of Education, who promptly called the Birmingham Police Department and who arrived at the school soon after the police officers had arrived. They found that a plastic pane "had been knocked out" of the window at the door of one of the buildings; they also observed a flashlight and screwdriver on the floor on the inside of the building, a few moments after they had seen defendant on the outside of the building near the window holding a flashlight "above his head." Approximately two feet from the defendant at the time he was seen by some of the officers "reaching through the window," there was a bag of tools on the outside of the building.
No contention is made in brief of counsel for appellant that defendant did not have burglary tools in his possession on the occasion under consideration.
Since the landmark case of Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), in a brief opinion by Justice Holmes and a lengthy dissent by Justice Butler, the question of whether inconsistency between a verdict finding defendant guilty under one count of an indictment and a verdict finding him not guilty under another count of the indictment was sufficient to require the annulment of the verdict and that the particular defendant be adjudged not guilty as to each of the counts, there has been a conflict of view as expressed in a multitude of cases on the subject, as shown throughout the years in West's Digest, Criminal Law, Key No. 878(4). The larger number of the cases cited reach an opposite conclusion from that of appellant's attorney in the instant case. The only case from the appellate courts of Alabama on the particular subject seems to be Oden v. State, 41 Ala.App. 212, 127 So.2d 380 (1961), which is not decisive of the issue now presented by appellant. Neither party on this appeal has presented a case in point on the subject. Perhaps the remarkable lack of uniformity in the opinions throughout the United States on the subject has been influenced by a difference of view among the authors of the opinions in such cases as to what was meant by the expression "consistency between a verdict finding defendant guilty under one count and a verdict finding him not guilty under another count of the same indictment." We think that we should follow that which was said by Justice Holmes in Dunn v. United States, supra:
"... As was said in Steckler v. United States (C.C.A.2d) (7 F.2d) 59, 60, `The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.'
"Compare Horning v. District of Columbia, 254 U.S. 135, 65 L.Ed. 185, 41 S.Ct. 53.
"That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible but verdicts cannot be upset by speculation or inquiry into such matters."
It is to be noted also that, as defendant did not testify and the only witness called to the stand by defendant was not an eyewitness as to what occurred at the scene of the alleged crimes, the jury could have been satisfied by the evidence beyond a reasonable doubt that defendant was in possession of burglary tools with the intent to use them "in the commission of an offense involving forceful entry into the premises or theft by physical taking" as required by § 13A-7-8 but was not convinced beyond a reasonable doubt by the *1153 evidence that defendant actually did all that witnesses for the State testified they saw him do prior to the time they arrived in his immediate presence. At any rate, we are unable to conclude that the two verdicts are so irreconcilably inconsistent with, or repugnant to, each other as to justify a reversal of the judgment of conviction of the crime charged by the first count of the indictment.
By the only other issue presented by brief of counsel for appellant, he contends that "there was no showing in the transcript of record that defendant was adjudged an habitual offender" and, therefore, the eighteen year sentence "was incorrectly given to defendant." In the absence of the application of the Habitual Felony Offender Act, the limit of the statutory punishment provided for the Class C felony involved is ten years. Alabama Criminal Code, § 13A-5-6. The response of counsel for appellee to this particular issue is the following:
"Appellant asserts that the record on appeal contains no proof of prior felonies for purposes of sentencing under the Habitual Offender Act. Although Appellant's record does not contain copies of the docket sheets used to prove Appellant's prior convictions, according to the Clerk of the Court of Criminal Appeals, said copies of the docket sheets are part of the Court of Criminal Appeals' records on appeal. The burden of providing a complete record on appeal is on the Appellant. Rule 10, A.R.A.P.; Pope v. State, 387 So.2d 300 (Ala.Cr.App.1980). If there are parts of the record that are omitted, it is Appellant's responsibility to supplement the record or the appeal may be dismissed under Rule 2, A.R.A.P."
We are not completely in accord with the position taken by either of the parties as to this issue. The court reporter's transcript of the proceedings indicates that a sentence hearing was conducted, but this Court has not been furnished with a court reporter's transcript of the sentence hearing, which should include all the proceedings at the sentence hearing, including particularly the evidence as to any and all previous felony convictions of defendant. The record proper does show a copy of "notice to defendant of previous convictions" that includes the dates and case numbers of five previous felony convictions. The record proper also shows that the trial court in the instant case fixed defendant's punishment at imprisonment for eighteen years, which would have been eight years more than the maximum sentence statutorily provided for a judgment of conviction in the instant case in the absence of any previous felony convictions. Criminal Code, § 13A-5-6(a)(3). On the other hand, if defendant had been previously convicted of any three or more felonies, the statutory punishment prescribed is and was "by imprisonment for life or for any term not more than 99 years but not less than 15 years," § 13A-5-9(c)(1). It is to be seen therefrom that if defendant had been previously convicted of any three of the five felonies that the State alleged, the sentence imposed of eighteen years would have been only three years more than the statutory minimum. Although the writer was at first disposed to believe that a new sentence hearing should be conducted and a sentence imposed in accordance therewith, we now believe that the relief requested by appellant's counsel would be of no substantial benefit to appellant, would be a mere exercise in futility, and that the judgment of conviction and sentence should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.

ON APPLICATION FOR REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
In his application for rehearing appellant's attorney invokes Rule 39(k), Alabama *1154 Rules of Appellate Procedure, by moving in subdivision C of the application for rehearing that this Court "accept as the facts Exhibit I, attached and incorporated by reference herein pages R. 59-60, inclusive of the record on appeal." Subsequent information from appellant's attorney by letter to the Clerk of this Court, in which reference is made to an attachment designated as "Exhibit A," was omitted from the application for rehearing and has been filed with the Clerk of this Court. We comply with the request of counsel for appellant by hereby stating that said exhibit, whether "I" or "A,", is as follows:[1]
"the playground, and then jumped the curb on the other side so we completely go around the building looking between the two main buildings.
"Q. Okay. Do you remember seeing any broken windows on that rear building when you went by there early that afternoon?
"A. No, sir.
"Q. Where were you there [sic] when they brought some dogs to look through the building?
"A. It was later on after the arrest that they called the canine.
"THE COURT: He said were you there then?
"A. I was there.
"Q. Okay. You were there when they brought the dogs and the dogs were let loose in the building to look around?
"A. I'm not sure whether they did or not. I just know that he arrived and I was in the car with the suspect.
"MR. POSEY: That's all.
"THE COURT: Step down, what says the State?
"MR. POSEY: Sgt. Walker.
"THE COURT: Do you want to release this witness?
"MR. GARMANY: That's fine with us, Judge.
"JULIUS W. WALKER
was sworn and testified as follows:
"DIRECT EXAMINATION
"BY MR. POSEY: Tell us your name, please sir?
"A. Sgt. Julius W. Walker.
"Q. And where do you work, Sgt. Walker?
"A. Birmingham Police Department.
"Q. Okay. And how long have you been with the Birmingham Police Department?
"A. Twelve years.
"Q. And what are your current duties in the police department?
"A. Burglary detective.
"Q. Okay. Were you a burglary detective on October 8th, 1983?
"A. Yes, sir.
"Q. And did you have anare you the officer in charge of this case against Charles McClellan?
"A. Yes, sir, I am.
"Q. Okay. What all did you do in your investigation, when did you start the investigation?
"A. Mr. McClellan was arrested on the 8th of October at approximately 10:00 that evening. I got the case the following morning.
"Q. Okay. Have you had an occasion to look at the evidence that was seized in that burglary?
"A. Yes, sir.
"Q. And in your capacity as burglary investigator have you had an occasion to look at the tools that were used in burglaries?
"A. Yes, sir.
"Q. Okay. About how many burglary investigations have you done since you've been with the police department?
"A. Anywhere from 500 to 1,000.
"Q. Okay. And how many times would you say that you've had"
The first contention in brief of counsel for appellant in support of his application for rehearing is as follows:

*1155 "The Court erroneously held that a finding of Not Guilty on one count of the indictment and a finding of Guilty on the second count of a multicount indictment by a Jury did not constitute a violation of the Double Jeopardy Clause of the Constitution of the United States."
In support of this contention, counsel relies upon Lawson v. State, 33 Ala.App. 333, 33 So.2d 405 (1948), in which the Alabama Court of Appeals, per Judge Carr, held:
"Appellant was charged under Counts 1 and 2 with burglary and under Count 3 with grand larceny. The jury found the defendant guilty of both burglary and grand larceny. In response to this verdict, the trial court imposed two separate punishments, one for burglary and one for grand larceny.
"This double punishment was unauthorized. The constitutional provision that no one shall be put in jeopardy twice for the same offense is broad enough to mean that no one can lawfully be punished twice for different offenses growing out of the same state of facts. Gordon v. State, 71 Ala. 315; Myrick v. State, 20 Ala.App. 18, 100 So. 455.
"This is the only question presented for review by this appeal, and the judgment of the court below is otherwise affirmed.
"It follows that the cause must be remanded to the court below for proper punishment. It is so ordered.
"Affirmed. Remanded for proper sentence."
As there is nothing in the record proper or the transcript of the proceedings in the instant case that would furnish a basis for the conclusion suggested by counsel for appellant that the trial court would have "imposed two separate punishments, one under the first count and another under the second count of the indictment" in the event the jury had returned a verdict finding defendant guilty under both counts of the indictment, we do not know, and we cannot assume, that the trial court would have done so. Instead of our being persuaded by appellant's apparent contention as to the reason his application for rehearing should be granted, we believe that it adds strength to our view as expressed in the opinion on original submission, in accordance with what was stated by Justice Holmes in Dunn v. United States: "That the verdict may have been the result of compromise, or a mistake on the part of the jury, is possible but verdicts cannot be upset by speculation or inquiry into such matters."
By the only other contention in brief of counsel for appellant in support of his application for rehearing, the argument is made that "the Trial Court erred to reversal in allowing a State's witness to testify to the ultimate fact in issue over appellant's objection," which testimony is recited in brief of counsel for appellant, as follows:
"... During direct examination of Sergeant Walker the following occurred at R-61:
"MR. POSEY [Defendant's attorney]: Based on your experience as a burglary investigator, are tools like the ones in State's Exhibit 5 through 13 tools that you know to be commonly used for facilitating offenses involving forced entry into a building?
"MR. GOMANY: Objection.
"THE COURT: Overruled.
"SGT. WALKER: They are consistent with these type tools, yes, sir."
We conclude that neither of the contentions made by appellant's attorney in his brief on application for rehearing is well taken.
We now add to that part of our opinion on original submission in which we considered the contention made in brief of counsel for appellant that "there was no showing in the transcript of record that the defendant was adjudged an habitual offender" and, therefore, the eighteen-year sentence "was incorrectly given to defendant." Our addition is that, by letter from the judge presiding on the trial of this case dated November 15, 1985, to the Clerk of this Court, accompanied by oral communication to the writer of this opinion, we received information that "the missing part of the transcript that contained a sentencing *1156 hearing" was in the process of being typed and it should be within the Clerk's office "within two or three days." The "missing part," entitled "SUPPLEMENTAL TRANSCRIPT," was filed in the office of the Clerk of this Court on November 15, 1985, with a certificate of the court reporter that a copy thereof had been sent to the attorney for appellant. Appellant's application for rehearing, filed November 25, 1985, contains no contention as to the previous felony convictions of the defendant and does not question in any respect that part of the opinion of this Court on original submission as to defendant's previous felony convictions.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.
NOTES
[1] We recognize that this exhibit begins and ends in mid-sentence.