TYSON, Judge.
John L. Scott was indicted for possession of burglar’s tools in violation of § 13A-7-8, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment” and he was sentenced to 15 years’ imprisonment as a habitual felony offender.
On the evening of February 28, 1985, officers from the Montgomery Police Department responded to an alarm at the Metro Pawn Shop on Lawrence Street in Montgomery, Alabama. When the owner, Frank Strong, arrived at the shop, a search of the building was conducted. A hole through the roof of the building was found. A sledge hammer was lying nearby.
A search of the roofs of adjoining buildings was undertaken. The appellant was *1095 found sitting on a wall on the roof of an adjacent building to the Metro Pawn Shop.
As Officer Mitchell was patting the appellant down he told the appellant, Scott, to place his hands on the wall. As Mitchell proceeded to pat down the appellant, the appellant made the statement that “he wanted to know what business he was going through.” Mitchell replied, “the Metro Pawn”.
The appellant was taken into custody and advised of his Miranda rights. As he was being escorted to the police car, the appellant saw Strong and said he wouldn’t have tried to go into the building if he had known it belonged to Strong.
I
The appellant contends his Motion to Dismiss the indictment and Motion for Judgment of Acquittal should have been granted because the State failed to prove that he was in possession of “what is commonly known as a ‘burglar tool’ ”. (Appellant’s brief, p. 9).
Section 13A-7-8, Code of Alabama 1975 states:
“(a) A person commits the crime of possession of burglar’s tools if he:
“(1) Possesses any explosive, tool, instrument or other article adapted, designed or commonly used for committing or facilitating the commission of an offense involving forcible entry into premises or theft by a physical taking; and
“(2) Intends to use the thing possessed in the commission of an offense of the nature described in subdivision (a) (1) of this section.”
The appellant alleges that a sledge hammer is not a tool that is adapted, designed and commonly used for committing a burglary.
In holding that a ball-peen hammer, a nail prying tool and a screw driver are burglar’s tools as contemplated by § 13A-7-8, this court in Burrell v. State, 429 So.2d 636 (Ala.Crim.App.1982) stated:
“Nor do we think it necessary, in order to create the offense which the statute is designed to punish, that it should appear that the tools or implements were originally made or intended for an unlawful use. If they are suitable for the purpose, so that they can be used to break and enter burglariously, it is wholly immaterial that they were also designed and adapted for honest and lawful uses. A chisel or centre-bit, though a tool in common use for ordinary purposes, is quite as efficacious in the hands of a burglar to carry out his felonious intent, as a jimmy or a lock-picker, which is made for the sole purpose of being used to break and enter buildings. (Emphasis added)”
Burrell, supra at 639, quoting Commonwealth v. Tivnon, 74 Mass. (8 Gray) 375, 69 AM. Dec. 248 (1857).
We hold that it is a matter of common knowledge that a sledge hammer is adaptable and commonly used to break and enter a building even though it is originally designed and intended for legitimate purposes. Numerous other courts have reached the same conclusion. See State v. Emerson, 284 Minn. 540, 169 N.W.2d 63 (1969); State v. Bowman, 17 Ohio App.2d 195, 46 Ohio Ops.2d 271, 245 N.E.2d 380 (1969); Corn v. State, 250 Miss. 157, 164 So.2d 777 (1964); Commonwealth v. Berkery, 200 Pa. Super. 626, 190 A.2d 572 (1963), cert. denied, 375 U.S. 966, 84 S.Ct. 484, 11 L.Ed.2d 415 (1964); People v. Faginkrantz, 21 Ill.2d 75, 171 N.Ed.2d 5 (1960); State v. Puckett, 237 S.C. 369, 117 S.E.2d 369 (1960); State v. Perkins, 146 Conn. 518, 152 A.2d 627 (1959); Commonwealth v. Dionisio, 178 Pa.Super. 330, 116 A.2d 109 (1955); Burnette v. Commonwealth, 194 Va. 785, 75 S.E.2d. 482 (1953); State v. Vick, 213 N.C. 235, 195 S.E. 779 (1938).
The gist of the offense with which the appellant is charged is “possession of the sledge hammer” with the intent to use it in the commission of a burglary. Bur-rell, supra. The State clearly presented a prima facie case of possession of burglar’s tools. A hole was found in the roof of the Metro Pawn Shop. A sledge hammer was *1096 found nearby. The appellant was apprehended on the roof of the building adjacent to the Metro Pawn Shop. See Thomas v. State, 335 So.2d 225 (Ala.Crim.App.1976). He made the statements about going through the building. There was sufficient evidence from which the jury could infer that the appellant possessed the sledge hammer with the intent to break into the Metro Pawn Shop. See State v. Spangler, 278 Minn. 190, 153 N.W.2d 278 (1967), (a similar fact situation).
The appellant’s motions to Dismiss the Indictment and for Judgment of Acquittal were properly denied.
II
During the prosecutor’s examination of one of the police officers who was at the scene, the following occurred:
“A. After I did that, they called me and said that they had caught someone on the top of the building.
“MR. LAW: I object to what someone told him.
“A. And I started coming out.
“THE COURT: Sustained.
“Q. Someone called you up to the top of the building; is that correct?
“A. No.
“Q. Called you and said that—
“MR. LAW: Judge, I object.
“Excuse me, Judge.
“Q. Called you from the top of the building?
“A. No, I was inside the building and I heard them holler that they had caught someone on the building.
“MR. LAW: Objection again.
“A. Didn’t nobody call me.
“THE COURT: Let me tell the jury to disregard that remark, please.
“MR. BOWEN: All right, that’s all I’ve got, Officer Bates, at this time.” (R. 13-14)
The appellant asserts the prosecutor acted improperly by attempting to admit hearsay evidence after an objection to that hearsay evidence had been sustained. We find no error here.
First of all, there is no adverse ruling as to the appellant in this colloquy. Secondly, the appellant was not prejudiced by the prosecutor’s questions because the trial judge instructed the jury to disregard the hearsay statement and no further questions were asked.
The judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.