McMILLAN, Judge.
The appellant was convicted of the offense of possession of burglary tools in violation of § 13A-7-8, Code of Alabama (1975), and was acquitted of a violation of the Alabama Uniform Controlled Substances Act in the Circuit Court of Marshall County. Appellant was adjudged a habitual offender and was sentenced to eighteen years’ imprisonment. For the reasons given below, we affirm.
On December 8, 1984, the appellant and Farris Fowler were arrested, following a telephone call made to the police by Beacie Corbin. Ms. Corbin testified at trial that from her home she witnessed a “rusty colored car” ram the back door of Bishop’s Pharmacy several times. Although she could not see inside the car, she observed a man get out of the passenger side of the automobile on two occasions and attempt to pry open the back door of the pharmacy with a four-prong tire tool. Soon after-wards, the police arrived, stopped the vehicle, and arrested the occupants. Captain Childress, of the Albertville Police Department, testified that he saw a four-prong tire tool on the back-seat of the car, and he identified the appellant as the man on the passenger side of the automobile. Officer Patton, of the Albertville Police Department, testified that the tire tool appeared to have paint scratches matching the paint on the back door of the pharmacy. He further testified that the appellant seemed to be intoxicated.
I.
The appellant contends that the State failed to prove beyond a reasonable doubt that the tire tool, or lug wrench, can be designated as a burglary tool for the purposes of the offense of possession of burglary tools. He alleges that a lug *1066 wrench is not adapted, designed, or commonly used for committing or facilitating the offense of burglary. However, as this court has stated:
“[I]f the language of § 13A-7-8 were construed to require that ‘burglar’s tools’ be especially manufactured and designed for burglarious purposes, it would be almost impossible to convict because very few, if any, tools are manufactured for burglarious purposes. It is, however, difficult to enumerate any tool used in legitimate industry that cannot be used by burglars ‘from the bungler to the expert.’ [Citation omitted.] Restricting the application of § 13A-7-8 to only those tools specifically and especially designed for burglars would emasculate the statute.” Burrell v. State, 429 So.2d 636, 639 (Ala.Cr.App.1982).
Further, this court has held that opinion testimony alone is admissible to establish that certain tools are of the nature of those commonly used to facilitate forced entry. McClellan v. State, 484 So.2d 1150, 1155 (Ala.Cr.App.1985).
The essence of the offense for which the appellant was convicted is “possession of the lug wrench or tire tool” with the intent to use it in committing a burglary. Scott v. State, 491 So.2d 1094 (Ala.Cr.App.1986). A ball-peen hammer, a nail prying tool, and a screwdriver are burglary tools as contemplated by § 13A-7-8. Burrell v. State, supra. See also Lewis v. State, 437 So.2d 642 (Ala.Cr.App.1983) (wherein bolt cutters were held to be “burglary tools”). In Scott, supra, this court held that as “a matter of common knowledge,” a sledge hammer is adaptable and often used to break into a building, despite its original legitimate purposes. Scott, supra. It is undisputable that a lug wrench or tire tool is suited to and often used for a burglar’s tool to pry open a door.
II.
The second issue raised by the appellant is whether the State presented sufficient evidence to convict him of the crime of possession of burglary tools; specifically, appellant alleges that the State did not prove that he had the tool in his possession with the intent to commit any burglary.
“ ‘[A] general intent is sufficient. The offense is complete when tools or other implements are procured with intent to use them for a burglarious purpose.’ ” Burrell, supra, at 639, quoting 13 Am.Jur.2d Burglary, § 74 (1964). It is well established that a felonious intent may be proved by circumstantial evidence. Id. Strong circumstantial evidence can provide the nexus between the tools and appellant which might otherwise be unsubstantiated through direct evidence. Ware v. State, 409 So.2d 886, 893 (Ala.Cr.App.1982), writ quashed, Ex parte Ware, 409 So.2d 893 (Ala.1981). “And circumstantial evidence is entitled to the same weight as direct evidence provided it points to the guilt of the accused.” Id., quoting Hayes v. State, 395 So.2d 127, 147 (Ala.Cr.App.1980), cert, denied, 395 So.2d 150 (Ala.1981). Thus, where a hole was found in the roof of a pawn shop, a sledge hammer was found nearby, and the appellant was apprehended on the roof of an adjacent building, the State presented a prima facie case of possession of burglar’s tools. Scott v. State, supra. This court stated that “[tjhere was sufficient evidence from which the jury could infer that the appellant possessed the sledge hammer with the intent to break into the Metro Pawn Shop. See State v. Spangler, 278 Minn. 190, 153 N.W.2d 278 (1967), (a similar fact situation.)” Id.
“The intent for use of the tools ... does not relate to a particular time or place but only to an unlawful purpose.” Pooley v. State, 470 So.2d 1337, 1339 (Ala.Cr.App.1985). Therefore, while the commission of the burglary would be admissible to prove the felonious intent in having the tools, it is not necessary. Id. A jury could have been satisfied by the evidence beyond a reasonable doubt that the defendant was in possession of burglary tools with the intent to use them in the commission of an offense involving forceful entry into a building, where the only witness called by the defendant was not an eyewitness; despite the fact that they were not convinced beyond a reasonable doubt that the defendant actual *1067 ly committed the burglary. McClellan v. State, 484 So.2d 1150 (Ala.Cr.App.1985).
The possession of the tools also bears on the question of the defendant’s intent. As this court has indicated, “Although a flashlight is not adapted for breaking and entering ..., it is relevant to the question of intent when possessed along with other tools which are adapted for nefarious purposes. State v. Hefflin, [338 Mo. 236, 89 S.W.2d 938 (1935)].” Burrell v. State, 429 So.2d 636, 639 (Ala.Cr.App.1982). It is well established that the issue of intent is for the jury’s determination. Wright v. State, 405 So.2d 74, 76 (Ala.Cr.App.1981). The appellant’s presence at the scene of the burglary coupled with 'his possession of the burglary tools, Mains v. State, 375 So.2d 1299 (Ala.Cr.App.1979), “were justifications for submitting the issue of felonious intent to the jury.” Wright, supra, at 76. In Wright, the appellant was found in possession of the tools because they were discovered in his automobile, which he consented to have searched. In the case at bar, the appellant contends that he was not in possession of the lug wrench because it was found in the back seat of the automobile which belonged to the driver rather than to himself. However, the mere fact that the particular items of evidence were not found on the appellant does not insulate them from admissibility. “ ‘They were portions of the circumstances that combined to establish defendant’s criminal intent in breaking and entering the store.’ ” Ware v. State, 409 So.2d 886, 893 (Ala.Cr.App.1981), writ quashed, Ex parte Ware, 409 So.2d 893 (Ala.1982), quoting McCulloch v. State, 338 So.2d 187, 188 (Ala.Cr.App.1976). In Ware, by “all fair inferences,” one could conclude that the appellant owned the tools and “almost certainly used them in the burglary where he was clearly a participant,” 409 So.2d at 892, even though the tools were found in the back of the truck belonging to an accomplice.
The appellant also contends that the State failed in its case because its witness, Beacie Corbin, could not clearly see or identify whether the man who got out from the passenger’s side of the car and attempted to pry open the back door of Bishop’s Pharmacy was the appellant or the driver of the vehicle. However, we agree with this court’s holding in Adams v. State, 459 So.2d 999 (Ala.Cr.App.1984), wherein it indicated:
“Although the evidence for the State prior to its resting its case was woefully unclear and indefinite as to some particulars, we are able to determine with reasonable certainty from the evidence ... that the person who was seen by Parris Golfing [State’s witness] in the automobile of Keith Anthony [the victim of the breaking and entering] ... was either this appellant or his co-defendant_ In our opinion, the evidence thus considered constitutes substantial evidence that this appellant, either as the principal or as an aider or abettor, was guilty of the possession of burglar’s tools with the intent to use the tools in the commission of an offense involving forceful entry into the premises_” Id. at 1002.
See also Thomas v. State, 335 So.2d 225 (Ala.Cr.App.1976).
AFFIRMED.
All the Judges concur.